# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| NICHOLAS BROWN, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| HON. BRIAN OWENS, et al., | :: | CIVIL ACTION NO. |
| Defendants. | :: | 1:12-CV-1437-TWT-RGV |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon plaintiff.

Plaintiff may file written objections, if any, to the report and recommendation within fourteen (14) days of receipt of this order. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appeal of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 4th day of May, 2012.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| NICHOLAS BROWN, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| HON. BRIAN OWENS, et al., | :: | CIVIL ACTION NO. |
| Defendants. | :: | 1:12-CV-1437-TWT-RGV |

## **REPORT AND RECOMMENDATION**

Plaintiff Nicholas Brown, presently confined in the Georgia State Prison in Reidsville, Georgia, has filed this pro se civil rights action against Georgia Department of Corrections Commissioner Brian Owens and several Hays State Prison ("HSP") employees. [Doc. 1 at 8]. Plaintiff alleges that, on April 28, 2010, HSP officers assaulted him and that other officers failed to protect him from the attack. [Id. at 8-12]. Because it appears from the face of plaintiff's complaint that the appropriate venue for this case is the Rome Division of this Court, it is **RECOMMENDED** that this action be **TRANSFERRED** there.

Venue for § 1983 actions is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part

of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

See New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (per curiam) (applying § 1391(b)'s venue provisions to a § 1983 action). Although plaintiff has named Commissioner Owens as a defendant, his claim against Commissioner Owens is premised upon a theory of respondeat superior, which is an insufficient basis for § 1983 liability. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Therefore, Commissioner Owens is due to be dismissed as a defendant in this action.

The HSP, where the events giving rise to plaintiff's claims occurred, is located within the Rome Division of this Court, and that is the division where the remaining defendants, who are HSP employees, may be found or reside. Therefore, the undersigned finds that the interests of justice would best be served if this civil rights action were transferred to the Rome Division where it could have been brought. See 28 U.S.C. § 1406(a).

Accordingly, **IT IS RECOMMENDED** that Commissioner Owens be **DISMISSED** as a defendant in this action, and that this case be **TRANSFERRED** to the Rome Division of the United States District Court for the Northern District of Georgia for further proceedings. See LR 3.1(b)(4), NDGa.

2

The Clerk is **DIRECTED** to terminate the referral to the assigned Magistrate Judge.

**SO RECOMMENDED**, this 4th day of May, 2012.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)